IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENA M. KISTLER,** | : | |
| Plaintiff, | : | Case No. |
| | : | |
| vs. | : | |
| | : | **Jury Trial Demanded** |
| **PORTFOLIO RECOVERY** | : | |
| **ASSOCIATES, LLC,** | : | |
| **d/b/a PORTFOLIO RECOVERY** | : | |
| **ASSOCIATES,** | : | |
| Defendant. | : | |

## COMPLAINT

AND NOW comes Dena M. Kistler, by and through her counsel, William G. Schwab & Associates, and complains against Portfolio Recovery Associates, LLC d/b/a Portfolio Recovery Associates by stating the following:

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here in Pennsylvania.

4. Plaintiff Dena M. Kistler (hereinafter "Kistler") is a natural person who resides at 64 Laurel Road, Lehighton, Pennsylvania 18235, and is a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC d/b/a Portfolio Recovery Associates (hereinafter "Portfolio") has a corporate headquarters with a last known mailing address of 120 Corporate Boulevard, Norfolk, Virginia 23502.

6. Upon information and belief, the Defendant Portfolio is a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. At all times relevant to this Complaint, Defendant Portfolio conducted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff Kistler allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The Plaintiff began to receive phone calls from the Defendant Portfolio claiming that she owes them over $1,000.00 beginning in early August, 2010.

10. The Plaintiff has received phone calls from the Defendant Portfolio at least thirty (30) times within the past three (3) months prior to November, 2010 in regards to collection of an alleged debt, some of which such calls were made two (2) times per day.

11. Upon looking up her credit report with Experian, the Plaintiff discovered that the Defendant Portfolio has reported two delinquent accounts that were purchased from the alleged original creditor of "COLLECT AMERICA".

12. The Plaintiff has never borrowed or financed monies from COLLECT AMERICA.

13. Upon information and belief, COLLECT AMERICA is another debt collector for a different originating creditor.

14. Upon information and belief, the Defendant Portfolio purchased the allegedly debt from another debt collector, namely COLLECT AMERICA.

15. Despite repeated demands by the Plaintiff, the Defendant Portfolio has not been about to produce any documents to authenticate that the debt or show that they were actually assigned the debt.

16. A debt collector cannot attempt to collect any amount not authorized by agreement creating the debt or permitted by law.   15 U.S.C. § 1692f(1).

17. Within five (5) days of initial communication, either oral or written, the debt collector must send a notice of the amount of the debt, name of the creditor owed, including the name and address of the original creditor right to dispute the validity of the debt within thirty (30) days.   15 U.S.C. § 1692a.

18. The Defendant Portfolio never provided the Plaintiff with the above requisite notice under 15 U.S.C. § 1692a.

19. Furthermore, the Defendant never provided verification or validation of the alleged debt after it was disputed by the Plaintiff in violation of 15 U.S.C. § 1692a(4).

20. The Plaintiff repeatedly informed the Defendant that she is represented by an attorney, namely, the law offices of William G. Schwab & Associates; however, the Defendant continued to call her afterwards despite having this knowledge of her legal representation.

21. The Defendant called the Plantiff at least called eighteen (18) times after the Plaintiff specifically informed the Defendant of her legal representation, of which the Plaintiff reiterated this fact to the Defendant at the beginning of each call.

22. The Defendant never contacted the law offices of William G. Schwab & Associates regarding the Plaintiff's alleged debt.

23. A debt collector cannot contact a consumer if known to be represented by an attorney. 15 U.S.C. § 1692c(a)(2).

24. The Defendant has threatened legal action against the Plaintiff with declarations of an intent to obtain a restraining order or other legal action against her for nonpayment of the alleged debt when they contacted her via the telephone at least on three (3) times.

25. On or about early September, 2010, the Defendant contacted the Plaintiff's son and left a voice mail message on his phone that threatened to obtain a restraining order against the Plaintiff if she does not pay the alleged debt.

26. A debt collector cannot state or imply that non-payment will result in arrest or criminal prosecution. 15 U.S.C. § 1692e(4).

27. A debt collector cannot threaten suit, garnishment or seizure of property without the legal ability to do the same. 15 U.S.C. § 1692e(5).

28. Upon information and belief, the Defendant Portfolio lacks the legal ability to obtain a restraining order against the Plaintiff for the non-payment of an alleged debt despite its threat to do so.

29. The Defendant Portfolio has contacted the Plaintiff's family via telephone for purposes of discussing payment of the alleged debt with her family members.

30. Debt collector can only contact a third party one time for the purpose of obtaining location information. 15 U.S.C. § 1692b(3).

31. The Defendant Portfolio did not contact the Plaintiff's family with the purpose of obtaining location information, as they were already in regular contact with the Plaintiff, but rather was contacting the Plaintiff's family for purposes of seeking and discussing the repayment of the alleged debt.

32. A debt collector cannot discuss the debt with a third party. 15 U.S.C. § 1692b(2).

33. Defendant's false and misleading communications violated multiple and numerous provisions of the FDCPA as set forth above, including but not limited to 15 U.S.C. § 1692a, 1692b, 1692d,1692e, and 1692f amongst others.

34. In at least three (3) of the aforementioned calls, the caller failed to meaningfully disclose the caller's identity by claiming that she was a field investigator for an undisclosed entity, which is in violation of 15 U.S.C. § 1692d(6).

35. As a result of the Defendant's violation of the FDCPA, Plaintiff has incurred actual damages in the form of increased stress, anxiety, embarrassment, and frustration.

36. The foregoing acts and omissions of the Defendant constitute numerous and multiple violation fo the FDCPA, including but not limited to each and everyone of the above cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq*.

37. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## TRIAL BY JURY

38.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Constitution Amend. 7.  Fed. R. Civ. Pro. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for:

(a) For an Order declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at time of trial;

(c) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) For any such other and further relief as this Court deems fair and just.

Respectfully submitted,

WILLIAM G. SCHWAB & ASSOCIATES:

Dated: November 2, 2010     BY:     /s/Adam R. Weaver
ADAM R. WEAVER, ESQUIRE
PA ID # 208766
811 Blakeslee Blvd. Dr. East, P.O. Box 56
Lehighton, PA 18235
(610) 377-5200; (610) 377-5200 (FAX)
aweaver@uslawcenter.com
Attorneys for Plaintiff